IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.   13-cv-560-WDS-DGW |
| ) | |
| ROY H. SCHUERMAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is plaintiff's motion for entry of default judgment against defendant Roy H. Schuerman ("Schuerman"), in the amount of $6,900.00, plus costs of this action (Doc. 7).

**BACKGROUND**

On June 13, 2013, plaintiff filed a complaint against Schuerman, alleging that plaintiff owns the premises located at Lot 10 of Millcreek Subdivision, Jerseyville, Jersey County, Illinois, and that plaintiff and Schuerman entered into a lease of the premises.  Further, plaintiff claims that, contrary to the lease terms and despite numerous warnings, Schuerman failed to bring the septic system on the leased premises into compliance with Jersey County Health regulations.

Plaintiff alleges that it notified Schuerman of the breach of the lease, terminated the lease, and demanded restoration of the formerly leased land, all pursuant to the terms of the lease.  Additionally, plaintiff demanded payment for the cost of restoring the property if Schuerman failed to restore the property on his own in a timely manner.

Plaintiff alleged that defendant continued to possess the premises without plaintiff's permission, but has since informed the Court, via an affidavit by Katy Manar (Doc. 7-2) that Schuerman has vacated the premises.

The plaintiff has met the requirements of Local Rule 55.1(b) via J. Christopher Moore's affidavit (Doc. 7-1), which provides that the motion for entry of default, the entry of default by the Clerk, and the motion for entry of judgment have been mailed to the defendant at his last known address.  He further certifies that no attorney has entered an appearance on defendant's behalf, and that to the best of his knowledge, information, and belief, defendant is not represented by an attorney in this matter whatsoever.  *Id*.

In its complaint, plaintiff requests an order evicting Schuerman from the premises (which has now become moot), an order authorizing the plaintiff to remove and dispose of any personal property remaining on the premises, judgment in the amount of $10,000.00 for restoration of the premises, and costs of the suit.  In its motion for judgment against Schuerman (Doc. 7), however, plaintiff simply seeks a judgment against plaintiff in the amount of $6,900.00, consisting of $900.00 in unpaid rent, and $6,000.00 for damaging the property and failing to remedy the damages.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.  Plaintiff filed a complaint on June 13, 2013, a summons was issued on June 14, 2013, and Schuerman was served on July 3, 2013, as evidenced by the executed summons (Doc 4).   The Clerk entered default  on August 16, 2013 (Doc. 6).  On September 30, 2013, plaintiff filed a motion for default judgment, an affidavit of J. Christopher Moore, plaintiff's attorney (Doc. 7-1), and a declaration by Katy Manar of the United States Army Corps of Engineers (Doc. 7-2),  in support of its motion.  Schuerman has not filed an answer or otherwise appeared in this action.

## LEGAL STANDARD

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment.  Once the default is established, and thus liability, the plaintiff

still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 792 (7th Cir. 2004). "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint." *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Regarding damages, the Seventh Circuit has stated:

> "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir 2004) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Under the law of this circuit, judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (collecting authority).

*e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). In other words, "'[d]amages must be proved unless they are liquidated or capable of calculation.'" *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990)).

## ANALYSIS

In light of Schuerman's failure to respond, the allegations against him are deemed true. With respect to damages however, plaintiff's motion for default judgment and accompanying affidavit and declaration only summarily list the amount of damages sought in this action. As noted above, the damages portion of the complaint is not simply "deemed true." Even though plaintiff attached an affidavit and declaration, the Court is unable, based on the information provided, to ascertain the amount of damages incurred by the plaintiff with reasonable certainty. The plaintiff must provide definite figures contained in documentary evidence from which it arrived at the total, or *detailed* affidavits regarding the same.

## CONCLUSION

Accordingly, plaintiff's motion for default judgment as to Roy H. Schuerman (Doc. 7) is **DENIED** without prejudice, with leave to file a renewed motion consistent with this Order.


**IT IS SO ORDERED.**

**DATE: October 11, 2013**

                                                    **/s/  WILLIAM D. STIEHL**
                                                        **DISTRICT JUDGE**